# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DISTRICT

| | |
|---|---|
| **FRANCA ANUKWU,** ) <br> c/o The Fogle Law Firm, LLC ) <br> 55 Ivan Allen Jr. Blvd., NW ) <br> Suite 830 ) <br> Atlanta, GA 30308 ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> **UR M. JADDOU,** Director of U.S. ) <br> Citizenship and Immigration Services**,** ) <br> Office of Chief Counsel ) <br> 5900 Capital Gateway Drive ) <br> Mail Stop 2120 ) <br> Camp Springs, MD 20588-0009, and ) <br> **ALISSA EMMEL,** Chief, U.S. Citizenship ) <br> and Immigration Services Immigrant ) <br> Investor Program Office, ) <br> USCIS, Immigrant Investor Program ) <br> 131 M Street NE ) <br> 3rd Floor, Mailstop 2235 ) <br> Washington, DC 20529 ) <br> ) <br> **Defendants.** ) <br> _____) | Civil Action <br><br> CASE NO.: _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

- 1 -

COMES NOW FRANCA ANUKWU, Plaintiff in the above-styled and numbered cause, by and through the undersigned attorney of record, and for this instant cause of action would show unto the Court the following:

1. This action is brought against Defendants to compel adjudications on EB-5 Investor Petitions which the agency has unreasonably failed to adjudicate to this point. The application was filed with and remains within the jurisdiction of the Defendants, who have unlawfully and improperly refused to act of the petitions which have long been pending with Defendants. The claims for mandamus and injunctive relief under the Administrative Procedure Act seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiff, namely, to cause Defendants to properly and lawfully adjudicate Plaintiff's investor petition. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to properly adjudicate Plaintiff's petition according to the law.

**PARTIES**

2. Plaintiff Franca Anukwu is a native and citizen of Nigeria. Plaintiff Franca Anukwu properly filed an I-526 Immigrant Investor Petition with U.S. Citizenship and Immigration Services (hereinafter, "USCIS") on or about September 30, 2019 based on her $500,000 investment with a project through

the Houston EB5 Regional Center; said project is known as the Allen Hospitality Developers LP Project (hereinafter "Project").

3. Defendant Ur M. Jaddou is the Director of the USCIS a branch of the Department of Homeland Security. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS including the Immigrant Investor Program Office.

4. Defendant Alissa Emmel is the Chief of the USCIS Immigrant Investor Program Office (hereinafter "IPO"). Defendant Emmel is the official of the USCIS generally charged with supervisory authority over all operations of the USCIS performed by the IPO with certain specific exceptions not relevant here. Specifically, Defendant is responsible for the adjudication of Immigrant Investor petitions filed pursuant to §204 of the Immigration and Nationality Act (hereinafter "INA"), codified at 8 USC § 1154 and 8 CFR §204.6 for which the IPO is given jurisdiction. As will be shown, Defendant Emmel's office is where the Plaintiffs' petitions were properly filed and are currently pending.

## JURISDICTION

5. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1346(A)(2) and 1361 and also 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* (to compel an officer or employee of the United States or agency to perform a duty owed to the Plaintiff).

## VENUE

6. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e)(1), that this is an action against officers and agencies of the United States in their official capacities and brought in the district where a defendant in the action resides: to wit, the District of Maryland for Defendant Jaddou.

## EXHAUSTION OF REMEDIES

7. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants have not updated, responded or adjudicated the Plaintiffs' petition for over three years. As of today, Plaintiffs have still not received any response concerning their petitions other than the initial receipts. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief available.

## LEGAL BACKGROUND

<u>EB-5 Immigrant Investor Program</u>

8. The Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989, created a new preference allocation of visas ("EB-5 visas") for immigrants who invest a designated amount of capital into a new commercial enterprise that will create at least ten jobs for U.S. workers. The statute outlines these twin capital investment and job-creation requirements, providing:

> Visas shall be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . .:
> (i) in which such alien has invested . . . or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph C, and
> (ii) which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent residence or other immigrants lawfully authorized to be employed in the United States . . . <u>See</u> 8 U.S.C. § 1153(b)(5).

9. 8 CFR §204.6(m) codified the creation of the Immigrant Investor Pilot program, which allowed the creation of "Regional Centers" which let groups of multiple investors invest in a new commercial enterprise, which are generally large commercial projects, and the job creation calculation is allowed through direct and indirect jobs, which are jobs created with business

that supply goods and services to the new commercial enterprise. The Plaintiffs in the instant case have all invested in the same Regional Center project.

10. In short, the EB-5 investor program allows foreign citizens to invest either $500,000 or $1,000,000 in a new commercial enterprise, the lesser amount in a Targeted Employment Area (or TEA which is a rural area or an area in a Metropolitan Statistical Area with at least 150% of the national unemployment rate), and create 10 full time jobs for American workers and receive permanent residence in the United States provided they satisfy the statutory and regulatory requirements. See INA § 203(b)(5) [8 USC § 1153(b)(5)] *et seq.* and 8 CFR § 204.6 *et seq.*

Administrative Procedure Act

18. This Court has jurisdiction to review USCIS's action with regard to Plaintiff's immigration case pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act. See Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized

jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visa, LPR, and citizen applications").

19. Specifically, the APA at 5 U.S.C. § 702 states that:

> "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof **acted** or **failed to act** in an official capacity (…)". [Emphasis added].

20. Furthermore, 5 U.S.C. § 706 states:

The reviewing court shall—

**(1)** compel agency action unlawfully withheld or unreasonably delayed; and

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> **(B)** contrary to constitutional right, power, privilege, or immunity;
>
> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> **(D)** without observance of procedure required by law;
>
> **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

21. In this case, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because the Defendants have failed to make

a decision on all of the Plaintiffs' from I-526 Immigrant Petition by Alien Entrepreneur visa petitions.

## CAUSE OF ACTION

22. Plaintiff Franca Anukwu, is a citizen and national of Nigeria, currently residing in Nigeria with her spouse, Mark Anukwu, and her children. Franca Anukwu sold a property located at 16/18 Nwobodo Eze Street, Ajao Estate, Lagos, for the sum of $561,450 in May of 2019. She invested US$500,000 of her own legitimately earned funds in a Regional Center project known as the The Allen Hospitality Developers LP Hotel Project through the Houston EB5 Regional Center in 2019. The Project is located at 1751 Allen Parkway, next to the Eleanor Tinsley Park in Downtown Houston. Franca Anukwu executed the subscription forms to be an EB-5 investor in the project and filed an I-526 Immigrant Entrepreneur Investor petition with the required supporting documentation and the $3,675 filing fee with USCIS on September 30, 2019. Other than the receipt from USCIS indicating the petition has been received there has been no other correspondence from USCIS concerning this case, which has been pending over 40 months. See Ex. 1, I-526 receipt for Franca Anukwu.

23. Plaintiffs properly filed their I-526 petition based on their EB-5 project with Defendants. Per Defendant USCIS's website, processing times for I-526

petitions have ballooned from a median 19 months at the time of submission, to a current 80% clear rate of 58.5 months. See Ex. 2, Historical Processing Times; see also Ex. 3, Case Processing Times. Plaintiff is unable to so much as submit a case inquiry until September 21, 2025, a full six years since filing the application and making a serious investment to the benefit of the United States.  See Ex. 3, Case Processing Times. Moreover, the Allen Hospitality Developers LP project is well underway and is anticipated to complete Phase 1 this year.  See Ex. 4, Dec. 2022 Promotional Article on Opening of Building.

24. Plaintiffs are suffering continuing and significant damage, as their own and their family's lives are on hold, due to the clearly excessive and unreasonable delay by Defendants' failure to adjudicate their I-526 petition.  Since the filing of the Petition, the average processing time has more than doubled, and there is no sign that USCIS will do anything but continue to add months to their processing time in order to never be held to account.

25. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld and/or unreasonably delayed action on Plaintiff's application and therefore, have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs cases.

26. Accordingly, Plaintiffs have been forced to pursue the instant action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs honorably petition this Honorable Court grant the following relief:

A. Enjoin Defendants from further delaying the adjudication of Plaintiff's petition;

B. Enter an order requiring Defendants and their agents to immediately review and properly adjudicate Plaintiff's I-526 petition according to the law;

C. Award all of the Plaintiff's reasonable attorney's fees under the Equal Access to Justice Act; and,

D. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

This 6th day of March, 2023.

THE FOGLE LAW FIRM, LLC

/S/ H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Maryland District Bar ID: 30571
Counsel for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, GA 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
E: glenn@foglelaw.com