```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

FRANCA ANUKWU                       :

   v.                              :   Civil Action No. DKC 23-713

UR MENDOZA JADDOU, et al.           :

**MEMORANDUM OPINION**

Plaintiff filed this action on March 16, 2023, seeking to compel the adjudication of her I-526 Immigrant Petition by Standalone Investor that has been pending since September 30, 2019. (ECF No. 1). On May 16, 2023, Defendants filed a motion to transfer this action to the United States District Court for the District of Columbia and to extend the date to respond to Plaintiff's complaint until sixty days after the court decides the motion to transfer. (ECF No. 5). When Plaintiff failed to respond to the motion by the May 30 due date, the court issued a paperless notice requesting Plaintiff either to file a response or advise the court if no response would be filed by June 9. (ECF No. 6). Plaintiff again failed to file a response. Defendants' motion will be granted as unopposed.

Defendants state that the United States Citizen and Immigration Services ("USCIS") relocated from the District of Columbia to Maryland in December 2020, thereby making Maryland a

viable venue for plaintiffs seeking to compel a decision on their petitions.  The Immigrant Investor Program Office ("IPO"), a component of USCIS, is located in the District of Columbia and administers the EB-5 immigrant investor program.  The IPO is tasked with deciding the I-526 petitions such as Plaintiff's.  Defendants contend that Maryland is not the appropriate venue because none of the claims relate to Maryland and the relief Plaintiff seeks will not take place in Maryland.

A plaintiff may bring a federal action against an officer or employee of the United States in "a judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,  or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The moving party bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there. *See Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th

Cir. 1984); *Lynch v. Vanderhoef Builders,* 237 F. Supp. 2d 615, 617 (D. Md. 2002)." *Manne v. Jaddou*, No. CV 21-1092 PJM, 2022 WL 102853, at *6 (D. Md. Jan. 11, 2022). As noted in that case, a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located. Moreover, Plaintiff should have brought this claim there, rather than in Maryland.

In deciding a motion to transfer venue under Section 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). The host of convenience factors a court should consider include, *inter alia*, "(1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; . . . [and (4)] avoidance of unnecessary problems with conflicts of laws." *Brown v. Stallworth,* 235 F.Supp.2d 453, 456 (D.Md. 2002) (*quoting Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622, n.4 (D.Md. 1998) (internal citations omitted)).

Defendants contend that the appropriate venue for this action is the District of Columbia and the transfer there would make more

efficient use of judicial resources, is in the interests of justice, and is most convenient.  Plaintiff's petition is being processed by the IPO service center in the District of Columbia and all the documents supporting the petition, including administrative record, are located there.  Any challenge to the decision on Plaintiff's petition would also be made with the service center that the processed the application – i.e., the IPO in the District of Columbia.  Plaintiff resides in Nigeria and the underlying investment property, the subject of Plaintiff's petition, is located in Houston, Texas.  Thus, Maryland has no connection with this matter other than containing USCIS' headquarters.

Defendants also request an additional sixty-days to respond to Plaintiff's complaint and state that granting this request would not slow the processing pace of Plaintiff's petition.

Plaintiff has not filed a response to Defendants' motion to transfer and for additional time to respond even after being provided additional time to do so.  After considering the factors favoring transfer and Plaintiff's failure to file an opposition, Defendants' motion will be granted as unopposed, and this action will be transferred to the United States District Court for the

District of Columbia for further consideration of Plaintiff's complaint as may be appropriate.

For the foregoing reasons, Defendants' motion to transfer will be granted.  A separate order will follow.

<pre>
                            /s/
             DEBORAH K. CHASANOW
             United States District Judge
</pre>

5